**W. A. HOLT COMPANY, Inc., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22772.**

United States Court of Appeals
Fifth Circuit.

Oct. 27, 1966.

Peeler Williams, Jr., Sleeper, Boynton, Burleson, Williams & Johnston, Waco, Tex., for appellant.

John B. Jones, Jr., Acting Asst. Atty. Gen., Meyer Rothwacks, Atty., Dept. of Justice, Washington, D. C., Ernest Morgan, U. S. Atty., San Antonio, Tex., Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Solomon Warhaftig, Richard J. Heiman, Attys., Dept. of Justice, Washington, D. C., for appellee; Ted Butler, Asst. U. S. Atty., of counsel.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

The District Court denied relief on a suit to recover income taxes. Appellant maintained its books and computed its taxable income on the accrual basis, writing off bad debts under the specific charge off method as opposed to the reserve method. For the years 1950–56, taxpayer took deductions for some accounts which were not worthless. 26 U.S.C.A. § 166. These were reported as "recoveries" in later years. The Commissioner disallowed $98,784.13 of these accounts for fiscal year 1956, thereby increasing taxpayer's income for 1956, but reducing it correspondingly for 1957.

Taxpayer contends that its practice of charging off non-worthless accounts was a method of accounting. Thus, it is argued, when the Commissioner required taxpayer to charge off only those accounts in fact worthless under § 166, this was a change in its method of accounting, 26 U.S.C.A. § 481, requiring additional adjustments for a prior year which would entitle it to a windfall refund of $48,192.21.

The practice of charging off accounts which were not in fact worthless when charged off is not a method of accounting. Such a practice is not a permissive method of accounting. 26 U.S.C.A. § 446(c). It prevents clear reflection of income as required by the regulations. Regs. 1.446–1(2); see also "Problems Arising From Changes in Tax-Accounting Methods," 73 Harv.L.Rev. 1564 (1960). This practice is nothing more than a method of distorting income in favor of the taxpayer. Cf. Beacon Publishing Company v. Commissioner of Internal Revenue, 10 Cir., 1955, 218 F.2d 697.

Taxpayer relies upon Fruehauf Trailer Company v. Commissioner of Internal Revenue, 1964, 42 T.C. 83. There the taxpayer entered into an agreement with the IRS, allowing it to value its inventory of used trailers at $1.00 per unit, rather than at the lower of cost or market. When the Service sought to change this procedure to the latter method of valuation, taxpayer contended that this was a change in its method of accounting. The court admitting that the earlier practice was a mistake of law, nevertheless

held that it was a method of accounting. More importantly, however, in *Fruehauf*, taxpayer had received tacit approval of its practice from the IRS. Though a mistake of law, the mistake was that of the government or its representative and, therefore, was likened to a permissive method under the Code. In the instant case, however, there was no such approval. While it is true that the government auditors had not theretofore challenged taxpayer's practice, it is clear that there was no approval of the practice as in Fruehauf. To argue an implied approval from the failure to challenge over a period of time, presupposes knowledge of the existence of the practice which finds no support in the record. Moreover, any challenge would be directed to accounts on a specific account basis, and the accounts changed from year to year. *Fruehauf* is not persuasive. It involved the timing of the deduction, i. e., which year. Here we are concerned only with improper deductions. We hold that there was no change in method of accounting. Thus, the first condition of § 481 was not met. We need go no further.

Affirmed.